IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| WHITNEY BANK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION 11-0657-WS-M |
| | ) |
| POINT CLEAR DEVELOPMENT, | ) |
| LLC, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**ORDER**

This matter comes before the Court on Plaintiff's Notice of Voluntary Dismissal (doc. 42). The Notice reflects that plaintiff, Whitney Bank, wishes to dismiss without prejudice its claims against Anthony Kaiser, who is one of six named defendants herein.

Back on January 12, 2012, a Clerk's Entry of Default (doc. 23) was entered against defendant Anthony Kaiser in this matter pursuant to Rule 55(a), Fed.R.Civ.P., based on his failure to answer, plead, appear, or otherwise defend after being served with process.[1] No default judgment has been entered against this defendant, pending adjudication of plaintiff's claims against the remaining five defendants. Despite his defaulted status, Anthony Kaiser has proven to be something of a distraction in this case. Indeed, on April 12, 2012, defendants Thomas W. Mitchell and Thomas E. Mitchell filed a "Suggestion of Bankruptcy and Stay of Proceedings" (doc. 38), which the Court has construed as a motion for stay, based solely on Anthony Kaiser's filing of a Chapter 7 voluntary petition for relief in U.S. Bankruptcy Court for the Southern District of Alabama on April 9, 2012. Court-ordered briefing on that Motion to Stay ensued, and has concluded, such that the Motion is ripe for disposition.

---

[1] Plaintiff's Application for Entry of Default (doc. 20) included a showing that Anthony Kaiser was personally served with copies of the summons and complaint on December 15, 2011, but never appeared or defended against Whitney's claims.

Plaintiff now seeks to eliminate the distraction by filing a Notice of Voluntary Dismissal of its claims against Anthony Kaiser without prejudice.  Pursuant to Rule 41(a)(1)(A)(i), Fed.R.Civ.P., a plaintiff may dismiss an action without order of the court "by filing a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment …." *Id.*  The court file reflects that defendant Anthony Kaiser has filed neither an answer nor a motion for summary judgment; therefore, plaintiff is entitled to dismiss its claims against him unilaterally, and without court action.[2]  Accordingly, by the terms of the Notice of Voluntary Dismissal and Rule 41(a), all claims brought in this action against defendant Anthony Kaiser are **dismissed without prejudice**, each party to bear his or its own costs.   The Clerk of Court is directed to **terminate** Anthony Kaiser as a party defendant.

The voluntary dismissal of plaintiff's claims against Anthony Kaiser dictates the outcome of the Mitchell defendants' construed Motion to Stay (doc. 38).  After all, movants' sole asserted basis for the Motion to Stay was that Anthony Kaiser had filed a Chapter 7 petition, triggering application of the automatic stay under 11 U.S.C. § 362(a)(1).  The voluntary dismissal of plaintiff's claims against Anthony Kaiser obviates any need for a stay, inasmuch as all remaining and pending aspects of this action are plainly outside the ambit of the automatic stay in bankruptcy.  Stated differently, there being no remaining defendants as to whom bankruptcy proceedings are ongoing, there can be no application of the automatic stay to those claims.  Accordingly, the Motion to Stay is **moot**.

In light of these developments, it is proper to restore the previously-suspended briefing schedule as to plaintiff's Motion for Summary Judgment (doc. 34).  (Earlier today, plaintiff

---

[2]     The fact that other defendants have filed responsive pleadings and defended against plaintiff's claims poses no impediment to application of Rule 41(a)(1)(A)(i) to defendant Anthony Kaiser.  *See, e.g., Barber v. BP, PLC*, 2010 WL 3270229, *1 n.2 (S.D. Ala. Aug. 16, 2010) ("The application of Rule 41(a)(1)(A)(i) is proper here as to defendant Mitsui, irrespective of whether any other defendants have or have not filed answers or motions for summary judgment."); *Pedrina v. Chun*, 987 F.2d 608, 609 (9th Cir. 1993) ("We agree … that Rule 41(a)(1) allows a plaintiff to dismiss without a court order any defendant who has yet to serve an answer or a motion for summary judgment."); *Miniter v. Sun Myung Moon*, 736 F. Supp.2d 41, 44 n.7 (D.D.C. 2010) (where none of the defendants that plaintiff purported to dismiss had filed an answer or motion for summary judgment – even though other defendants had done so – "the plaintiff properly dismissed his claims against these defendants pursuant to Rule 41(a)(1)(A)(i)").

supplemented that Motion to confirm that it no longer seeks a judgment against Anthony Kaiser. (*See* doc. 43.))  Defendants had already received the benefit of 25 days to work on their summary judgment responses prior to the suspension of that briefing schedule; therefore, it would be inappropriate to reset the briefing clock to the beginning.[3]  Instead, the briefing deadlines are **reset** as follows: Any party opposing plaintiff's Motion for Summary Judgment must file a response (in accordance with Rule 56, Fed.R.Civ.P., and Local Rule 7.2) on or before **May 18, 2012**.  Plaintiff may file a reply on or before **June 1, 2012**, at which time the Motion for Summary Judgment will be taken under submission.

DONE and ORDERED this 8th day of May, 2012.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE

---

[3]  In particular, the original briefing schedule entered on March 19, 2012 provided that defendants' responses to the Rule 56 Motion were due on or before April 13, 2012. (*See* doc. 37.)  The Court suspended that briefing schedule via Order (doc. 39) dated April 13, 2012, just one day after the Mitchell defendants filed their Suggestion of Bankruptcy and Motion to Stay.